**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| RAVENSBURGER INTERACTIVE MEDIA GmbH, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. AW-06-0950 |
| BETHESDA SOFTWORKS LLC, | * * * | |
| Defendant | * | |

*********************************************************************

## MEMORANDUM OPINION

On April 13, 2006, Ravensburger Interactive Media GmbH ("Plaintiff") filed this action against Bethesda Softworks LLC ("Defendant") alleging tortious interference with contractual relations, unjust enrichment, and requesting an imposition of a constructive trust. Currently pending before the Court is Defendant's Motion for Leave to Serve a Summons and Third-Party Complaint on Headfirst Productions Ltd. (Paper No. 23). The motion has been fully briefed and the Court has reviewed the entire record. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth more fully below, the Court will GRANT Defendant's motion for leave.

## DISCUSSION

The facts of this case are best set out in this Court's October 6, 2006 Memorandum Opinion. Most relevant to the instant motion is the Court's previous determination that Headfirst Productions Ltd. ("Headfirst") is a necessary, while not indispensable, party to this action. *See* Mem. Op. at 12. Defendant now moves to the Court for leave to allow Defendant to serve upon Headfirst a summons and third-party Complaint. Defendant claims that Headfirst may be liable to Defendant for all or part of the claims Plaintiff has asserted against Defendant. The Federal Rules of Civil Procedure

1

permit "additional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Glens Falls Indem. Co. v. Atlantic Bldg. Corp.*, 199 F.2d 60, 63 (4th Cir. 1952); *see also* FED. R. CIV. P. 14(a).  Under Rule 14(a), the Court has discretion to deny a defendant leave to serve a third-party complaint where that complaint is filed more than 10 days after serving the answer. *See DTM Research, L.L.C. v. AT&T Corp.*, 179 F.R.D. 161, 162 (D. Md. 1998).  However, a motion for leave to file a third-party complaint should not be denied unless "the addition of a third-party defendant would cause undue delay or complication of the trial of the underlying case." *Id.*

There is no reason to disallow the addition of Headfirst in this action.  Plaintiff argues that the motion for leave should be denied because Headfirst is insolvent and will not be able to satisfy any judgment that may be obtained against it.  Plaintiff further argues that the addition of Headfirst would introduce collateral issues into the litigation, causing needless delay.  The Court disagrees with Plaintiff.  Whether Headfirst is ultimately able to satisfy a judgment against it for contribution or indemnity is not the question Rule 14(a) addresses.  Rather, Rule 14(a) simply allows a defendant to join a third-party "who is or may be liable" for any claims the plaintiff has against the defendant. FED. R. CIV. P. 14(a).  Here, there is no conclusive evidence before the Court that Headfirst will be unable to satisfy a potential judgment against it.  The Court agrees with Defendant that, at the very least, the parties should be able to conduct discovery of Headfirst in order to make the determination of Headfirst's ability or inability to satisfy a judgment against it.

Further, although the addition of Headfirst will inevitably introduce ancillary issues into the case, the Court does not think these issues will unduly complicate the resolution of this case.  In its

October 6, 2006 Memorandum Opinion, the Court deemed Headfirst a necessary party to this action because Headfirst is alleged to have been a vital and active player in Defendant's alleged tortious conduct.  *See* Mem. Op. at 12.  Therefore, Defendant's indemnification claim against Headfirst will not introduce any novel or difficult legal issues into the case.  As such, the Court will grant Defendant's motion for leave.

## **CONCLUSION**

For the reasons stated above, the Court will GRANT Defendant's Motion for Leave to Serve a Summons and Third-Party Complaint (Paper No. 23).  An Order consistent with this opinion will follow.

| February 5, 2007 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |